Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

Kevin Lemiexu (SBN 225886)
Akylah Cooper (SBN 332242)
**THE LAW OFFICE OF KEVIN LEMIEUX, APC**
Kevin@LawyerKevin.com
Akylah@LawyerKevin.com
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-488-6767

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER MELINGONIS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ONYX PROPERTY VENTURES, LLC,<br><br>Defendant. | Case No: '25CV1817 JLS MSB<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION AT 47 U.S.C. § 227<br><br>JURY DEMAND |

# CLASS ACTION COMPLAINT

Plaintiff CHRISTOPHER MELINGONIS ("Plaintiff") brings this class action against Defendant ONYX PROPERTY VENTURES, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

1. The Supreme Court may have stated it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants* (2020) 140 S. Ct. 2335, 2343.
2. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227 ("TCPA").
3. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Section 6101 to allow people to register their phone numbers with the Federal Trade Commission.
4. The TCPA affords special protections for people who, like Plaintiff, are registered on the Do-Not-Call List.
5. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp.,* No. 14-55980, 2017 U.S. App. LEXIS 1591, at 12 (9th Cir. 2016) (citations omitted) (emphasis in the original).
6. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," 4.4

billion robocalls & texts were placed in December 2024 alone, at a stunning rate of about 140 million per day. www.robocallindex.com.

## NATURE OF THE ACTION

7. This is a putative class action brought pursuant to the TCPA.
8. To promote its goods and services, Defendant engages in telemarketing text messages to phone numbers on the Do-Not-Call list.
9. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class Members. Plaintiff also seeks statutory damages on behalf of herself and the Class Members, and any other available legal or equitable remedies.

## PARTIES

10. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.
11. Defendant is a California State business entity.
12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

13. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as the action arises under the TCPA, 47 U.S.C. § 227.
14. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

## FACTS

15. Plaintiff registered his phone number to the Do-Not-Call List, which disallows calls and texts messages without prior authorization. Plaintiff placed his telephone number, ending in 9812 on the Do-Not-Call List on April 5, 2025.
16. Plaintiff never authorized or had a prior business relationship with Defendant.

17. Plaintiff works in real estate.
18. On December 10, 2024, Defendant sent Plaintiff a non-solicited text messages to his cellular telephone, without prior express consent, despite having previously placed his number on the DO-NOT-CALL List.
19. Plaintiff called Defendant but there was no answer.
20. On the same day, after receiving an unsolicited, unwanted text, Plaintiff was bombarded with an additional unsolicited text.
21. Defendant was posing as a potential real estate buyer.
22. Plaintiff then realized Defendant was posing was a house flipper posing as a potential buyer.
23. Plaintiff then responded with a request to cease further communications by telling Defendant not to message him again.
24. Plaintiff is bombarded with unsolicited phone calls and texts almost daily.
25. Plaintiff believes it is highly unlikely that Defendant will honor Plaintiff's wishes for the text messages to stop, hence is forced to bring this action.
26. Plaintiff is the regular user of the telephone number that received the above solicitations.
27. Plaintiff utilizes the cellular telephone number for business and personal purposes.

## STANDING

28. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. See *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547.

## CLASS ALLEGATIONS

29. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

> All persons in the United States who from four years prior to the filing of their action through the date of class certification, who listed their phone number on the Do-Not-Call List, were contacted by Defendant or anyone acting on Defendant's behalf via an unsolicited text message.

30. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

31. Defendant and their employees or agents are excluded from the Class.

**NUMEROSITY**

32. Upon information and belief, Plaintiff believes the number of members in the Class are in the several thousand. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of Class Members are unknown at the time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

34. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a. Whether Defendant initiated solicitation text messages to persons who listed their phone numbers with the Do-Not-Call List.

b. Whether Defendant is liable for damages, and the amount of such damages.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts persons whose number is listed with the Do-Not-Call List, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

36. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. Section 227 et seq.**

**(On Behalf of Plaintiff and the Class)**

40. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including 47 U.S.C Section 227 et seq., and implementing regulation 47 C.F.R. Section 64.1200(c)..

42. As a result of Defendant's negligent violations of the law, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. Section 227 et seq.
## (On Behalf of Plaintiff and the Class)

44. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including 47 U.S.C. Section 227 et seq., and implementing regulation 47 C.F.R. Section 65.1200(c).

46. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Class and defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class counsel;
b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;
c. An order declaring that Defendant's actions, as set out above, violate the TCPA;
d. An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c)(1);
e. An award of attorney fees, costs, and interest, as allowed by applicable law; and
f. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff and members of the Class hereby demand a trial by jury.

Date: July 17, 2025

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com